# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

FREDRICK JOHNSON

VERSUS

MIKE CAZES, ET AL.

CIVIL ACTION

NO. 17-1752-SDD-RLB

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendants, the City of Port Allen, Port Allen Police Officer Jana Chustz ("Officer Chustz"), and Port Allen Police Officer Reginald Mims ("Officer Mims") (or, collectively, "Defendants"). Plaintiff, Frederick Johnson ("Johnson"), filed a *Memorandum in Opposition*,[2] to which Defendants filed a *Reply*.[3] For the reasons that follow, the Court finds that Defendants' *Motion* shall be GRANTED.

## I.   FACTUAL BACKGROUND

This action arises out of the events of December 10, 2016, when Plaintiff Frederick Johnson was standing in the parking lot of the Quick-n-Handy convenience store in Port Allen, Louisiana.  Port Allen Police (PAPD) Officer Jana Chustz was dispatched to the Quick-n-Handy in reference to a person, namely, Johnson, who was allegedly remaining on the premises after being forbidden to do so. In his *Complaint*, Johnson alleges that when Office Chustz saw him, she "confronted" him and "demanded that [he] step over to her squad car."[4]  Before Johnson could comply with her order, he alleges, Officer Chustz

---
[1] Rec. Doc. No. 37.
[2] Rec. Doc. No. 45.
[3] Rec. Doc. No. 51.
[4] Rec. Doc. No. 1, p. 6.
53458

Jury

"attempted to physically restrain" him, then "fired her taser at [him], missing him."[5] Johnson fled and "ran across LA-1, ending up in the parking lot of Brother's Mart,"[6] where Deputy Matranga of the WBRSO and PAPD Officer Reginald Mims were located, at least one of them apparently behind the wheel of a WBRSO vehicle. Johnson claims that, despite the fact that he allegedly "was unarmed and posed no threat to himself or others"[7] and that the deputies allegedly "had no reason to believe Johnson was involved in or being sought in relation to a felony,"[8] one of the deputies (he does not specify which) "purposefully and intentionally rammed [him] with their police vehicle, breaking [his] leg."[9]

Johnson alleges that he "immediately informed the officers and/or deputies present that he believed his leg to be broken and that he needed to go to the hospital."[10] An ambulance and personnel from Acadian Ambulance Service arrived on the scene, but the result of their examination of Johnson is disputed. Johnson in his *Complaint* notes that, while Officer Chustz's report indicates that the medical personnel "examined Johnson and determined his injuries to be minor and that transport to a hospital was not necessary,"[11] Johnson contends that, in fact, the medical personnel on the scene "informed him that they recommended he be taken immediately to the hospital,"[12] which the officers on the scene then "refused to do."[13]

---

[5] *Id.*
[6] *Id.* at p. 7.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

53458

In their *Motion for Summary Judgment*, Defendants contend that the evidence establishes that "neither [Officer] Chustz nor anyone else employed by the City of Port Allen as a police officer violated any of Johnson's constitutional rights."[14] In accordance with the local rules of this Court, Defendants attached to their motion a *Statement of Material Facts as to Which There is No Genuine Issue to be Tried*.[15] Although Johnson did file his own list of "Contested Facts,"[16] his list is not directly responsive to those facts set forth by Defendants. Instead, Johnson lists the following:

1. Whether or not Officer Chutz [sic] made the decision not to transport Fredrick Johnson to the hospital.
2. Whether or not Officer Chutz [sic] knew what she was doing when she signed Acadian's transport waiver form without Fred Johnson's consent.
3. Whether or not Officer Violated Fredrick Johnson constitutional rights [sic].[17]

Under Middle District Local Civil Rule 56, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this Rule." Therefore, the facts uncontroverted by Johnson will be deemed admitted for purposes of deciding this *Motion for Summary Judgment*.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] "When assessing whether a dispute to any material fact exists, we consider all

---

[14] Rec. Doc. No. 37-5, p. 1.
[15] Rec. Doc. No. 37-4.
[16] Rec. Doc. No. 45-1.
[17] *Id.*
[18] Fed. R. Civ. P. 56(a).

53458

of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[19] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[20] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[21] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[22]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[23] All reasonable factual inferences are drawn in favor of the nonmoving party.[24] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[25] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to

---

[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[20] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[21] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[22] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[24] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[25] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

53458

support the complaint.'"[26]

B. <u>42 U.S.C. § 1983</u>

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'"[27] In order to state a claim under 42 U.S.C. § 1983, the plaintiff must establish two elements: "(1) that the conduct in question deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law."[28] As for the first element, 42 U.S.C. § 1983 only imposes liability for violations of rights protected by the United States Constitution – not for violations of duties of care arising out of tort law.[29] As to the second element, a "plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."[30]

"The performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the municipality."[31] Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. However, to be liable in one's official capacity under Section 1983, the defendant must have been delegated policy-making authority under state law. In contrast, a state actor may have Section 1983 liability in his/her individual

---

[26] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[27] *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).
[28] *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 610 (E.D. La. May 8, 1998); *Elphage v. Gautreaux*, 2013 WL 4721364, at *5 (M.D. La. Sept. 3, 2013).
[29] *Griffith v. Johnston*, 899 F.2d 1427, 1436 (5th Cir. 1990).
[30] *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).
[31] *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 484 (5th Cir. 2000).
53458

capacity for actions causing the deprivation of a federal right taken under color of state law.[32]

C. Analysis

1. § 1983 Claims against Officer Chustz and Officer Mims

### a. Fourth Amendment – False Arrest

Defendants move for summary judgment on Johnson's Fourth Amendment claim, arguing that, under the doctrine set forth in *Heck v. Humphrey*, it necessarily fails because Johnson was arrested for, and subsequently pleaded guilty to, Louisiana Revised Statute 14:108, Resisting an Officer. Defendants attach as an exhibit the minutes from Port Allen City Court on February 8, 2017, which reflect that Johnson entered a plea of guilty to Resisting an Officer and was sentenced to five days in the Parish jail, with credit for time served.[33]

When a plaintiff brings a Section 1983 claim against the police officer who arrested him, "the district court must first 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'"[34] The Section 1983 claim is barred unless the plaintiff's conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."[35] In his *Opposition*, Johnson does not point to any evidence that his conviction

---

[32] *Coleman v. East Baton Rouge Sheriff's Office*, 2014 WL 5465816, at *3 (M.D. La. Oct. 28, 2014).
[33] Rec. Doc. No. 37-2. Defendants also set forth Johnson's conviction in their statement of material facts, which, see *supra*, was not controverted by Johnson and is thus deemed admitted.
[34] *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000)(quoting Heck, 512 U.S. at 487).
[35] *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir.1996) (quoting *Heck,* 512 U.S. at 487) (internal quotations omitted).
53458

for Resisting an Officer has been reversed, expunged, or otherwise invalidated. In fact, he does not address the issue of whether his claims are barred by *Heck* at all.

The Fifth Circuit has clearly held that, "when there is no temporal and conceptual distinction between the factual basis for the conviction and the excessive force claim, that is, when the complained of use of force is applied during or simultaneously with the arrest, *Heck* applies."[36] The summary judgment evidence cited by Defendants demonstrates that Johnson's conviction arises out of the same events that give rise to his Section 1983 claim. And, the use of force alleged by Johnson – namely, one of the WBRSO deputies striking him with a vehicle – was applied during Johnson's arrest. This Court finds that a finding of liability on Johnson's excessive force claim would necessarily imply the invalidity of his criminal conviction for resisting arrest, and Johnson has failed to demonstrate any genuine issues of material fact on the issue of his having pled guilty to resisting. Thus, Johnson's excessive force claim against Officers Chustz and Mims is barred as a matter of law by *Heck*.

Additionally, Johnson failed to controvert Defendants' *Statement of Material Facts* where it states that "Neither Chustz nor Mims had any physical contact with Johnson."[37] Thus, the fact that the Officers did not touch Johnson is deemed admitted. Obviously, a claim for excessive force falls short where there is no evidence that either Defendant

---

[36] *Id.* (citing *Walter v. Horseshoe Entertainment*, 483 Fed.Appx. 884, 887 (5th Cir. 2012); *Bush*, 513 F.3d at 495, 498 (use of force after arrest and handcuffing when resistance by the arrestee had ceased was temporally and conceptually distinct from the criminal conviction); *DeLeon*, 488 F.3d at 656-657 (finding that the complaint did not allege that the claims of excessive force were separable from the plaintiff's aggravated assault on the officer); *Pratt v. Giroir*, 2008 WL 975052, at *5 (E.D. La. Apr. 8, 2008) ("Fifth Circuit precedent is clear that whether the plaintiff alleges excessive force during or simultaneous with an arrest versus after an arrest results in distinct consequences under *Heck*.").
[37] Rec. Doc. No. 37-4, p. 1.
53458

made physical contact with Johnson at all.[38] Accordingly, because these claims are *Heck*-barred, and because Johnson failed to demonstrate the existence of a genuine dispute of material fact, summary judgment is granted in favor of Defendants on the Fourth Amendment claims.

### b. Eighth Amendment

Johnson alleges that "the actions of defendants violated Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment and to be protected from harm while in custody."[39] Defendants move for summary judgment on the Eighth Amendment claim, arguing that "courts [have] consistently held that pre-trial detainees are not covered by the protections of the Eighth Amendment."[40] Indeed, the Fifth Circuit held as much in *Hare v. City of Corinth, Miss*, stating that, while the Eighth Amendment protects convicted prisoners in state custody, "[t]he constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment."[41] Applying that principle in *Abbott v. Town of Livingston*, this Court held that the Eighth Amendment did not apply to an arrestee's claim for failure to provide medical treatment because he was a pretrial detainee.[42] Because it is undisputed that Johnson was a pretrial detainee during all of the events set forth in his *Complaint*, his Eighth Amendment claim fails as a matter of law. Summary judgment on the Eighth Amendment claim shall be granted in favor of

---

[38] The Fifth Circuit has held that prevailing on a claim of excessive force requires a showing of "'(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable'" (*Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016)).
[39] Rec. Doc. No. 1, ¶ 49.
[40] Rec. Doc. No. 37-5, p. 9.
[41] *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 639 (5th Cir. 1996).
[42] *Abbott v. Town of Livingston*, No. CV 16-00188-BAJ-EWD, 2018 WL 3430690, at *3, n. 2 (M.D. La. July 16, 2018).
53458

Defendants.

### c. Fourteenth Amendment

As noted above, "[t]he constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." It is well-settled that "pretrial detainees have a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials."[43] To the extent that Johnson brings a claim for inadequate medical treatment based on the Fourteenth Amendment, however, that claim fails because the uncontroverted summary judgment evidence demonstrates that the Port Allen Police Officers summoned medical help, followed the advice of those medical professionals, and then had no further involvement in Johnson's treatment, nor any contact with him at all. In other words, the uncontroverted record evidence establishes that they provided medical care and were not deliberately indifferent to a substantial risk of serious harm.

In his *Opposition*, Johnson states that "Officer Chustz ignored screams and cries from help [sic] for Mr. Johnson for several minutes,"[44] citing as evidence of event merely "video."[45] The Court presumes that Johnson is referring to the footage from Officer Chustz's body camera, but declines to scour the footage for evidence of those cries, which, though surely evidence that Johnson was upset and in pain, are not especially

---

[43] *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 457 (5th Cir. 2001) *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hare v. City of Corinth*, 74 F.3d 633, 636 (5th Cir.1996) (en banc) (Hare II); *Lancaster v. Monroe County*, 116 F.3d 1419, 1426 (11th Cir.1997); *Colle v. Brazos County, Texas*, 981 F.2d 237 (5th Cir.1993); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir.1979).
[44] Rec. Doc. No. 45, p. 3.
[45] *Id.* at n. 11.
53458

helpful to the analysis. Even if Johnson had identified proper summary judgment evidence that he was screaming and crying, the evidence in the record does not reflect that Officer Chustz "ignored" those cries. In fact, as Defendants point out, it is undisputed that Officer Chustz called Acadian Ambulance to the parking lot of Brother's Mart to examine Johnson.[46] Further, it is undisputed that "Acadian Ambulance personnel informed Chustz that Johnson did not have to go to the hospital because of his ankle,"[47] and that "Johnson was examined at the West Baton Rouge Parish Detention Center by nurses and did not have any contact with Port Allen personnel [i.e., Officers Mims and/or Chustz] while in jail."[48]

Johnson does not point to any evidence that controverts the above undisputed facts. He does, however, attempt to demonstrate a genuine issue of material fact with respect to an Acadian Ambulance transport waiver signed by Officer Chustz on behalf of Johnson.[49] On its face, the waiver states that the undersigned voluntarily refuses transportation to a medical facility, having been apprised of the risks associated with that decision. Johnson argues that Chustz signed the waiver on his behalf "without [his] consent."[50] Defendants counter that Officer Chustz merely "sign[ed] the form in the wrong place" (intending to sign in the witness box) and that her mistake "is irrelevant to whether plaintiff was denied medical care because of the deliberate indifference of Chustz."[51]

To prove that Chustz's conduct amounted to deliberate indifference, Johnson

---

[46] Rec. Doc. No. 37-4, ¶ 3.
[47] Rec. Doc. No. 37-4, p. 2.
[48] Rec. Doc. No. 37-4, p. 2.
[49] Rec. Doc. No. 45-2.
[50] Rec. Doc. No. 45, p. 1.
[51] Rec. Doc. No. 51, p. 4.
53458

bears the burden of proving that: 1) Officer Chustz was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) she actually drew that inference; and 3) her response indicates the official subjectively intended that harm occur.[52] However, deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.[53] Based on the summary judgment evidence in the record, Johnson cannot meet his burden. The undisputed facts demonstrate that, far from being aware of a "substantial risk of serious harm" to Johnson, Officer Chustz was aware of the opinion of the medical personnel on the scene, who told her that "the intoxication is the only thing I can see that he needs to go for and not the ankle."[54] Johnson does not argue that he should have been transported to the hospital due to his intoxication; his Fourteenth Amendment claim is based on the allegedly inadequate treatment of his leg injury. In his *Opposition*, Johnson argues that "it is well within the realm of possibility that a reasonable finder of fact would find" Officer Chustz's conduct to be a violation of his rights. But a possibility is not enough – the burden of the party opposing summary judgment "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[55]

There is simply no evidence that Officer Chustz was aware of facts that could give rise to an inference of substantial risk of serious harm, let alone any evidence that she actually drew that inference or subjectively intended the harm to occur. After Johnson

---

[52] *Hare II*, 74 F.3d at 643, 649–50.
[53] *Id.* at 645, 649.
[54] Rec. Doc. No. 50 (Body Camera Footage from Officer Chustz), at 16:08.
[55] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).
53458

was transported to the West Baton Rouge Parish Detention Center, it is undisputed that he had no further contact with Officer Chustz.[56] Even if shown to be deliberately indifferent, the conduct of the nurses and other officials at WPRDC cannot create a genuine issue of material fact with respect to the Port Allen Officers who urge the instant *Motion*.

Overall, because Defendants have successfully demonstrated the absence of a genuine issue of material fact on Johnson's Fourteenth Amendment Claim, and because Johnson has failed to identify evidence that would demonstrate such an issue, the Court finds that summary judgment shall be granted in favor of Defendants.

### 2. State Law Claims against Officer Chustz and Officer Mims

Defendants are entitled to summary judgment on the assault and battery claims against them because it is undisputed that neither Officer Chustz nor Officer Mims had any physical contact with Johnson.[57] Likewise, there is no evidence to support Johnson's claim for intentional infliction of emotional distress, which requires a showing "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[58] Summary judgment shall be granted in favor of Defendants on all of Johnson's state law claims.

---

[56] Rec. Doc. No. 37-4, p. 2.
[57] Rec. Doc. No. 37-4, p. 1.
[58] *Perrone v. Rogers*, 2017-0509 (La. App. 1 Cir. 12/18/17), 234 So. 3d 153, 158, writ denied, 2018-0101 (La. 3/2/18), 269 So. 3d 709 (quoting White, 585 So.2d at 1209).
53458

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment*[59] shall be GRANTED. In light of this *Ruling* and the Court's prior *Ruling*[60] the Pretrial Conference set for 9/26/19 at 3:00 p.m. and the Jury Trial set for 10/28/2019 at 9:00 a.m. are hereby continued without date to be reset by the Court be separate notice.

Signed in Baton Rouge, Louisiana on September 20, 2019.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[59] Rec. Doc. 37.
[60] Rec. Doc. 71.
53458