# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FREDRICK JOHNSON**                          **C.A. NO.: 17-1752-SSD-RLB**

**VERSUS**

**MIKE CAZES WEST BATON ROUGE
SHERIFF, ET AL.**

## 1st AMENDED COMPLAINT

This is a case involving the failure to provide a basic and appropriate level of medical care and civil right violations by a party in employ of Mike Cazes, the West Baton Rouge Sheriff,  and in the employ of the West Baton Rouge Sheriffs ("WBRSO"),

On December 10, 2016, Fredrick Johnson ("Johnson" or "Plaintiff") was arrested by officers of the West Baton Rouge Sheriff's Office and/or Officers of the Port Allen Police Department.  During this arrest officers far exceeded a reasonable and necessary level of force, specifically, hitting Johnson with their car and breaking one of his legs.

Acadian Ambulance Services arrived at the scene and a cursory examination of Mr. Johnson was conducted, with the EMTs stating that they did not believe he needed transport.  Even though Mr. Johnson was screaming in pain, Officer Chustz took it upon herself to, without Mr. Johnson's consent, sign a transport waiver on his behalf.  Her actions directly resulted Mr. Johnson being taken to jail instead of the nearest hospital.

Nurse Harris again ignored Johnson's pleas for assistance at intake and through the booking process.  She either conducted no examination or one that was so sub-par that it failed to detect a broken leg.   Officers continued to ignore Johnson's repeated pleas for

assistance for nearly 12 hours.  Officers went so far as to threaten Mr. Johnson with being placed in isolation should he, or other inmates who could hear and see his pain, continue complaining.

On December 11, 2016, after a new nurse noticed his extreme distress, Mr. Johnson was finally transported to a hospital where it was established that his leg had multiple fractures.  While recommended, emergency surgery was not immediately available due to deputies feeding Mr. Johnson making him unable to undergo anesthesia forcing him to wait 24 hours or more for surgery.

## I.    JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988.  Jurisdiction is founded on both 28 U.S.C. §§ 1331 and 1343, as well as the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.  Plaintiff also invokes supplemental jurisdiction over claims under state constitutional and statutory law.  Jurisdiction is also proper for claims against AAS, as they were acting as an agent of WBRSO and PAPD at the time of the incident and/or the allegations against them involve the same nucleus of law and facts.  A request for a review panel has been filed against AAS with the Louisiana Medical Review Panel and Medical Malpractice suit is pending against AAS.

## II.    PARTIES

(**Plaintiff**)

2.     **Fredrick Johnson ("Johnson" of "Plaintiff")** is an adult citizen of the State of Louisiana and is currently domiciled in Port Allen, LA.

(**Defendants**)

**Named defendants herein are:**

3.      **Mike Cazes ("Cazes")**, in his individual and official capacity as West Baton Rouge Sheriff, is an adult citizen of the State of Louisiana and believed to be domiciled in the Middle District of Louisiana.  At all times described herein, he was the West Baton Rouge Sheriff as such, was responsible for the hiring, training, supervision, discipline, and control of the deputies under his command.  He was responsible for all actions of WBRSO staff.   He was also responsible for the supervision, administration, policies, practices, customs, and operations of the WBRSO and its correctional facilities.  He was, and is, a final policy maker.  He is liable both directly and vicariously for the actions complained of herein.

4.      **Intake Medic/Nurse Believed to be Regina Harris, previously Jane Doe 6 ("Harris")** in his/her individual and official capacity as an employee of WBRSO, is an adult citizen of the State of Louisiana and believed to be domiciled in the Middle District of Louisiana.  At all pertinent times, Harris was employed by defendant Cazes as an officer, deputy, correctional officer, and/or intake nurse and acting in their official capacity as such.


### III.    FACTUAL ALLEGATIONS


4.      On December 10, 2016, Johnson was in the parking lot of Quick-n-Handy when he was confronted by Chustz of the PAPD.  Chustz alleges that she demanded that Johnson step over to her squad car.  Without clarifying the situation, and before Johnson could comply with her order, Chustz attempted to physically attack Johnson and without sufficient cause deployed her taser which missed Johnson.  Chustz had no reason to believe

Johnson was being sought in connection with a felony nor did he ever act in threating or aggressive manner.

5.      Wary of the current climate and recent incidents nationwide involving the use of excessive force by police officers and, having not been told he was under arrest or being detained, Johnson, fearing for his life, ran away.

6.      Johnson was so concerned for his safety, that he ran across LA-1 ending up in the parking lot of Brother's Mart.

7.      According to the incident report filed by Chustz, Deputy Vance Matranga ("Matranga") were both operating vehicles in the Brother's Mart parking lot.

8.      Even though Johnson was unarmed and posed no threat to himself or others, Deputy Matranga tackled and/or hit Mr. Johnson with his vehicle with such force that his leg was broken. Matranga had no reason to believe Johnson was involved in or being sought in relation to a felony.

9.      Johnson immediately informed the officers and/or deputies present that he believed his leg to be broken and that he needed to go to the hospital.

10.     Acadian Ambulance Services ("AAS") arrived on the scene.

11.     The incident report filed by Chustz states that AAS personnel examined Johnson and determined his injuries to be minor and that transport to a hospital was not necessary.

12.     Chustz then without Johnson's consent, and despite his cries for pain, signed a transport waiver on Mr. Johnson behalf.

13.     Johnson was then transported to the West Baton Rouge Detention Center ("WBRDC").

14.    Johnson was supposedly examined by Harris at intake, during which time, Johnson again complained that he believed his leg to be broken and that he needed to go to the hospital.

15.    Harris' only examination of Johnson's leg consisted of her poking his knee with her finger and when he cried out in pain she stated, "you said ouch so your leg can't be broken". Harris then filled out and signed a jail intake form that stated that Mr. Johnson had no apparent injuries and Mr. Johnson was admitted into the facility.  Harris' failure to property diagnose Mr. Johnson injury and to improperly complete his intake form shows a policy or custom of hiring unqualified personnel and or failing to properly train them.

16.    Johnson was placed in a holding, changed out of his street clothes, then moved to another holding cell with bunks and several other inmates.  Throughout this process Johnson continuously exhibited signs of a severe injury and told every deputy and correctional officer he came across that he believed his leg to be broken and needed to go to a hospital.  He was ignored at each and every instance.  The fact the Mr. Johnson was continually ignored goes to a policy or custom of ignoring prisoner complaint or a policy or custom of inadequate medical training of personnel under to control of Cazes.

17.    Other inmates in the cell with Johnson pressed the call button and attempted to inform the guards of Johnson's plight several times.  Not only did Johnson receive no medical attention, but at one point during the night several deputies came to the cell door and threated to place Johnson in insolation if they were disturbed again.

18.    On the morning of September 11, 2016, Nurse Iris Martin was making her rounds distributing medication to inmates when she noticed Johnson's condition and recommended that the he be immediately taken to a hospital.

19.     Johnson was transported to Our Lady of the Lake Hospital where he was diagnosed with multiple fractures to his right leg and but was forced to approximately a full day to for surgery to be performed do the negligence action of feeding him prior to hospitalization.

20.     As a direct result of the actions and inaction of the defendants, Johnson suffered a broken leg, the damage to which was exacerbated by the failure to treat it in a timely manner.

21.     As a direct result of the actions of the defendants, Johnson has suffered physical injuries, pain and suffering, loss of wages, mental anguish, and medical and legal expenses.

22.     The actions/inactions of Cazes and Harris in and of themselves, constitute gross negligence, intentional indifference or an intentional violation of Mr. Johnsons civil rights, specifically his 8th and 14th amendments rights. Also, at all relevant times, Harris was acting in the course and scope of her employment, and in accordance with the policies, customs, and practices of her boss they Cazes is liable under the theory or respondeat superior/ third-party vicarious liability.

23.     At all times relevant to this suit, it was the responsibility, policy, and/or custom of the defendants, Cazes to inadequately supervise and train their deputies, officers, and medical personnel, including the defendants.

24.     At all times relevant to this suit, it was the responsibility, policy, and/or custom of the defendant, Cazes to inadequately respond to instances of misconduct by deputies and/or officers and/or medical personnel.  Cazes' inadequate responses including a refusal to terminate, suspend, discipline, warn, or in any way punish and/or re-train their deputies or officers, and medical personnel, are actual, legal, and proximate causes of Johnson's damages.

25.     As a result of the above-described policies and customs, defendants knew that their actions would not be properly monitored by supervisory deputies and/or officers, and that misconduct would be tolerated rather than investigated and/or punished.

26.     The above-described policies and customs demonstrate deliberate indifference on the part of the policy maker, defendants Cazes, to the constitutional rights of persons within WBRDC and especially to the Plaintiff in this case.  This deliberate indifference was a cause of the violation of the Plaintiff's rights alleged herein.  Also, at all relevant times, Harris was acting in the course and scope of her employment, and in accordance with the policies, customs, and practices of her boss they Cazes is liable under the theory or respondeat superior/ third-party vicarious liability.

27.     The defendants Cazes is liable to the Plaintiff for damages as a result of their failure to properly supervise defendant Harris.  Also, at all relevant times, Harris was acting in the course and scope of her employment, and in accordance with the policies, customs, and practices of her boss they Cazes is liable under the theory or respondeat superior/ third-party vicarious liability.

28.     The defendant Cazes in his failure to properly supervise defendants, condoned, ratified, and encouraged the violation of the Plaintiff's civil rights.  These actions and/or failures on the part of the defendants, constitute gross negligence in supervising subordinates and show a deliberate indifference toward the constitutional rights of the Plaintiff in this case.

29.     All of the defendants are liable to the Plaintiff for punitive damages.

30.     All of the defendants are liable jointly, severally, and in solido for the Plaintiff's injuries.

31.     The defendants' actions were grossly negligent, reckless, willful, wanton, and/or malicious.

32.     The Plaintiff's injuries were solely and proximately caused by the intentional and/or negligent acts of the defendants as previously described.

## IV. FACTUAL ALLEGATIONS SURROUNDING DEFENDANT CAZES AND THE EMPLOYMENT, TRAINING, SUPERVISION AND DISCIPLINE OF DEFENDANT HARRIS

33.     The West Baton Rouge Parish utilizes and employs its own sheriff department known as the West Baton Rouge Sheriff Office (WBRSO) who also maintains the West Baton Rouge Detention Center (WBRDC). The Sheriff at all relevant times before, during, and after this incident was Sheriff Mike Cazes, making him the responsible decisionmaker and policymaker for the WBRSO and WBRDC.

34.     The improper examination of Mr. Johnson, his improper admission to the WBRDC, misrepresentations, and illegal conduct sued upon herein in reference to Harris occurred in the Parish of West Baton Rouge, and in the exclusive territorial jurisdiction of the West Baton Rouge Parish Sheriff Office.

35.     In Sheriff Cazes' official capacity, he was and is responsible for adopting, implementing, promulgating, and enforcing policies, customs, and practices pertaining to making arrest and preserving peace in the Parish of West Baton Rouge, and the administration of the WBRDC.

36.     Additionally, Sheriff Cazes is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of West Baton Rouge Parish Sheriff Officers and

personnel at the WBRDC to ensure each officer or medical personnel was and is qualified and properly trained to perform the duties and functions of a peace officer or intake official including making arrests, preserving the peace, and providing proper medical care and intake screenings inmates.

37.    Based on the extreme misconduct of Defendant Harris and upon information and belief, Defendant Cazes, WBRSO, and the Parish of West Baton Rouge did not properly examine and scrutinize the background of the Defendant Harris.

38.    Based on the extreme misconduct of Defendant Harris and upon information and belief, Defendant Cazes, WBRSO and the Parish of Baton Rouge did not properly train, supervise, and/or discipline Defendant Harris with regard to proper police or medical practices.

39.    Upon information and belief, in willful, reckless, and callous disregard to Mr. Johnson's life, safety, medical condition, and rights under federal and state law, Defendant Cazes, WBRSO, and the Parish of West Baton Rouge did not have or did not have a sufficient medical screening policy in place for the Parish of West Baton Rouge or the WBRDC at all relevant times.

40.    Despite several discovery request by Johnson for a policy manual by Johnson to date no such manual has been provided.  Leaving one left to draw the conclusion that no such manual, policies, or procedures exist.

41.    Defendant Harris' extreme misconduct was a product of this environment and undertaken pursuant to de facto policies, practices, and/or customs—both written and unwritten—of the WBRSO and the Parish of West Baton Rouge. Defendant Cazes,

WBRO, and Parish of West Baton Rouge are guilty of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train WBRSO/ WBRDC Officers and other personnel;
2. Failing to reprimand and discipline WBRSO/ WBRDC Officers and other personnel who engage in misconduct;
3. Failing to retrain and/or otherwise control WBRSO/ WBRDC Officers and other personnel who engage in gross deviations from the standard of care one would expect from a medical professional;
4. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by WBRSO/ WBRDC Officers and other personnel;
5. Tacitly approving of WBRSO/ WBRDC Officers and other personnel using their power and position to interfere with other citizens' rights;
6. Tacitly approving of WBRSO/ WBRDC Officers and other personnel using their power and position to interfere with other citizens' rights;
7. As a matter of both policy and practice the Parish of West Baton Rouge and the WBRSO facilitating this type of misconduct by failing to protect civilians from reckless indifference by WBRSO/ WBRDC Officers and other personnel.

42.    As a direct result and proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

## IV.    CAUSES OF ACTION

43.    **Constitutional Violations**.  The actions of defendants violated the Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizure.  Additionally, the actions of defendants violated the Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment and to be protected from harm while in custody.  Defendants acted under color of state law when

they violated the Plaintiff's rights.  Specifically, defendant Harris when she improperly examined Mr. Johnson and improperly admitted him into the WBRDC.

44.    **Constitutional Claim Against Defendants.**  The above-described policies and/or customs of defendants show their deliberate indifference to the Plaintiff's constitutional rights, and directly contributed to the violations of the Plaintiff's rights alleged in this Complaint.  Defendants were and are aware of the unacceptable risk of harm to inmates that persists at WBRDC, but have exhibited deliberate indifference to it, resulting in the exacerbation of injuries to the Plaintiff in this case.  Defendants are therefore liable to the Plaintiff for the constitutional violations the Plaintiff suffered at the hands of defendants. Specifically, defendant Harris when she improperly examined Mr. Johnson and improperly admitted him into the WBRDC.  Also, at all relevant times, Harris was acting in the course and scope of her employment, and in accordance with the policies, customs, and practices of her boss they Cazes is liable under the theory or respondeat superior/ third-party vicarious liability.

45.    **State law Torts Against Defendants.**  At all times relevant hereto, defendant Harris was acting within the course and scope of her employment with Cazes.  Therefore, the doctrine of respondeat superior applies for all state-law torts alleged in this Complaint and defendants are liable to the Plaintiff for the tortious acts of their employees. Defendants also committed the state law torts of assault and battery against the Plaintiff. Defendants also intentionally inflicted emotional distress on the Plaintiff.  Defendant Cazes is liable to the Plaintiffs for failing to properly train and supervise defendant employees.

46.    **Attorney Fees/Cost.**  In addition to recovering damages, Plaintiff Johnson seeks reasonable attorneys' fees in accordance with 42 U.S.C. § 1988, plus judicial interest, and for the defendants to bear all costs of these proceedings.

## V.    DAMAGES

47.    As a result of the above-described civil rights violations, Plaintiff Johnson suffered physical injuries, pain and suffering, lost wages, mental anguish and distress, dehumanization, embarrassment, humiliation, medical expenses, and other damages that might be determined at a trial of this matter.

**WHEREFORE,** the Plaintiff, Johnson, prays that the defendants be duly cited and served copies of the above and foregoing, be made to timely appear and answer, that the Court exercise its supplemental jurisdiction over the state law claims, and that after due proceedings are had, there be a judgment in favor of Johnson and against defendants**, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES**, holding them liable jointly, severally, and in solido for all compensatory and punitive damages alleged herein or proved at trial, together with judicial interest, for all attorneys' fees,  that the defendants bear all costs of these proceedings, and for all further legal, equitable, and general relief available.

Respectfully submitted,

/s/ Oliver Benford Hadley

_____

Oliver Benford Hadley

LA Bar # 36980
Oliver Hadley Law, L.L.C.
935 Gravier St., Ste. 840
New Orleans, LA  70112
Telephone: (504) 641-4529
Fax: (504) 681-9595
Email:  obh@ohadleylaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

New Orleans, Louisiana, this 5th day of November 2019.

/s/ Oliver Benford Hadley

_____